RAILWAY REGISTER MANUF'G Co. v. BROADWAY & SEVENTH AVENUE
R. Co.

SAME v. CENTRAL PARK, N. & E. R. R. Co.

*(Circuit Court, S. D. New York.* December 26, 1884.)

1. PATENTS FOR INVENTIONS—FARE REGISTER AND RECORDER—NOVELTY.
    Patent No. 265,145, dated September 26, 1882, and granted to Newman A.
    Ransom, for a fare register and recorder, is not void for want of novelty, and
    is infringed by the defendant.
2 SAME—PATENT No. 260,526—PUBLIC USE.
    The use of an invention for a fare register and recorder upon street-railway
    cars, in the only manner in which it could be conveniently used, for the purpose
    of actual experiment, to ascertain the best mode of construction, will not
    amount to a public use and invalidate the patent.

In Equity.

*Edward N. Dickerson, Jr.,* for orator.

*John Dane, Jr.,* for defendants.

WHEELER, J. These suits are brought upon letters patent No.
265,145, dated September 26, 1882, and granted to Newman A.
Ransom, assignor to the orator, for a fare register and recorder, and
No. 260,526, dated July 4, 1882, and granted to John B. Benton,
assignor to the orator, for a fare register, for an alleged infringe-
ment of claims 12 to 17, of the former, inclusive, and all of the
claims, five in number, of the latter. Want of novelty and denial of
infringement are set up as to the former, and public use for more
than two years prior to the application as to the latter. Many pat-
ents, English and American, and among the latter, one to the same
inventor, are relied upon as anticipations. The application for this
patent was on file when the prior patent to this inventor was granted,
and therefore the description of this invention in that patent would
not affect at all the validity of this one. *James v. Campbell,* 104 U.
S. 356. None of the other patents show, in any description of any
one instrument, the combination of any of these claims, but the sev-
eral parts of the combinations are all shown in different contrivances
for various purposes. It is argued, with as much plausibility, ap-
parently, as the subject admits, that these combinations are, so far,
mere aggregations of parts; that these parts, as shown in the prior
descriptions, are anticipations of all that was patentable in combina-
tions. These instruments are, however, each single machines for
registering and retaining the number of fares received, and signaled
trip by trip, for a number of trips, in such a manner that those for
each trip must be begun at the same point, and all must be kept free
from being tampered with until examined and compared with the
fares by the proper person. All the parts act together for this pur-
pose, and each has an influence in producing the result in a more
perfect and reliable manner than was known before. This seems to

be more than the assembling of several parts, each doing something by itself unaffected by the others, and to amount to a new arrangement for working together of old devices into a patentable contrivance. According to this view the defense of want of novelty fails. The defendants appear, upon the evidence, to use these several parts, or their known equivalents, in the same arrangement, so that they really appropriate the patented invention of these several claims. The public use of the other invention was, according to the evidence, upon street-railway cars, in the only manner in which they could be conveniently used, for the purpose of actual experiment to ascertain the best mode of construction. This seems to have been allowable. *Elizabeth* v. *Pavement Co.* 97 U. S. 126.

Let there be a decree for the orator for an injunction and account in each case, as to all these claims, with costs.